**Robert RAE and Commonwealth Funeral Consultants, Inc.**

v.

**PENNSYLVANIA FUNERAL DIRECTORS ASSOCIATION, John W. Eirkson and James O. Pinkerton**

**Appeal of: Monty J. Batson, Esq., Shawn E. Smith, Esq. and Larry Hall.**

Commonwealth Court of Pennsylvania.

Argued April 10, 2007.

Decided May 31, 2007.

Henry E. Hockeimer, Jr. and Brooke McDermott, Philadelphia, for appellants.

Barbara A. Zemlock, Harrisburg, for appellees, Robert Rae and Commonwealth Funeral Consultants, Inc.

BEFORE: SMITH–RIBNER, Judge, FRIEDMAN, Judge, and SIMPSON, Judge.

OPINION BY Judge SIMPSON.

Does the deliberative process privilege preclude the depositions of non-party administrative agency workers about an agency investigation? The proposed deponents, Monty J. Batson, Esq., Shawn E. Smith, Esq., and Larry Hall (collectively Appellants), pose this and other questions in their appeal from an order of the Dauphin County Court of Common Pleas (trial court) denying their motion to quash deposition subpoenas. The current issues arise during the discovery phase of spirited tort litigation initiated by an insurance agency and its owner against the Pennsylvania Funeral Directors Association, its executive director and a board member.

More particularly, Appellants are employees of the Bureau of Professional and Occupational Affairs (Bureau) who conducted an investigation into the business practices of Robert Rae and Commonwealth Funeral Consultants, Inc. (Plaintiffs). In addition to asserting the deliberative process privilege, Appellants claim Plaintiffs failed to show the relevancy of the requested depositions and, therefore, they are not permitted. Appellants also assert the trial court erred by failing to order return or destruction of the Bureau's

investigatory file upon conclusion of the underlying litigation.

Also before the Court are preliminary matters: Plaintiffs' motion to quash Appellants' appeal, in which Plaintiffs contend the appeal is interlocutory and, therefore, the order is not subject to review; and, Appellants' motion to strike the Bureau's investigatory file from the record.

For the following reasons, we quash Appellants' appeal to the extent Appellants seek review of the trial court's order pertaining to return or destruction of the Bureau's file; deny Appellants' motion to strike the Bureau's file from the record; and reverse the trial court's order allowing Appellants' depositions to proceed.

## I.

Plaintiffs, an insurance agency and its owner, sell life insurance policies for funeral-related services payable at the death of the insured. In mid–2001, Plaintiffs filed a complaint against the Pennsylvania Funeral Directors Association, its executive director John W. Eirkson, and licensed funeral director and association member, James O. Pinkerton (collectively Defendants). In their 2002 amended complaint, Plaintiffs set forth that from 1997 through April 2000, they conducted business through an "Outreach Final Expense Program." Essentially, Plaintiffs met with consumers to discuss and select funeral merchandise and services, prepared cost worksheets based on consumers' selections, and then, sold consumers pre-need insurance policies to cover the funeral costs.

Plaintiffs further assert they revamped their business practices to comply with this Court's 2001 decision in *Ferguson v. Pennsylvania State Board of Funeral Directors*, 768 A.2d 393 (Pa.Cmwlth.2001).

In *Ferguson*, we determined an insurance agent's aid in the selection of funeral goods and services, and the preparation of worksheets, violated the Funeral Directors Law (Law).[1] Post-*Ferguson*, Plaintiffs now advise consumers they are not licensed funeral directors and refer consumers to contractually related funeral homes for execution of the pre-need contracts.

The complaint alleges that Defendants defamed Plaintiffs by advising consumers Plaintiffs engaged in illegal activity and, as a result, the Bureau was investigating Plaintiffs' business practices. Plaintiffs aver they lost business due to Defendants' conduct, and plead causes of action for defamation, tortious interference with contractual relationships, and tortious interference with potential contractual relationships. Importantly, Plaintiffs make no claims against the Bureau.

For its part, the Bureau opened an investigation into Plaintiffs' business practices after receiving a formal complaint from Defendants in January 2000, before this Court's decision in *Ferguson*. Defendants alleged Plaintiffs unlawfully engaged in the practice of funeral directing without a license through their pre-need program. The Bureau first assigned Appellant Batson as prosecuting attorney. The matter languished without explanation until January 2005, when the Bureau purportedly closed its investigation without lodging any charges against Plaintiffs. A month later, the Bureau re-opened its investigation after receiving additional evidence. The Bureau assigned Appellant Smith as prosecuting attorney, and Appellant Hall conducted the investigation. The Bureau again closed its investigation in August 2005 without filing charges.

Thereafter, Plaintiffs subpoenaed production of the Bureau's investigatory file

---

**1.** Act of January 14, 1952, P.L. (1951) 1898, *as amended,* 63 P.S. §§ 479.1–480.11.

and scheduled the depositions of Appellants Smith and Hall. Appellants filed a motion to quash the subpoenas or for a protective order asserting the deliberative process privilege. After the trial court reviewed the file *in camera*, the Bureau voluntarily released it to Plaintiffs. In a June 2006 order, the court memorialized the Bureau's voluntary release of the file. The court also specifically declined to rule on whether the file was privileged.

Plaintiffs subsequently filed a second set of subpoenas to depose Appellants, to which they filed a second motion to quash or for protective order. While that motion was pending, Appellants filed another motion for protective order seeking file confidentiality, non-disclosure to third parties, and return or destruction of the Bureau's file upon completion of the underlying litigation.

On August 25, 2006, the trial court entered the order presently on review:

> IT IS HEREBY ORDERED that said Motions for Protective Orders are conditionally GRANTED in part. In this regard, the Court finds that there has been a good and sufficient *prima facie* showing by [Plaintiffs] of the need to allow [them] . . . an opportunity to further explore matters pertaining to documents contained in the [Bureau's] already disclosed files, and the facts and circumstances relating to the preparation, dissemination, oversight and related involvement of any person in conjunction with those documents. However, the Court also finds that due to the probable sensitive nature of the matters likely to be pursued in such discovery endeavors, that all such proceedings are declared to be CONFIDENTIAL at this point in time and shall be conducted, *in camera*, under the direct supervision of the Special Master.

> No party or their counsel may disclose the results of the discovery endeavors to any non-party without the express permission of the Court. Upon completion of all such discovery endeavors, the Court will make such further determinations regarding the possible utilization of the results obtained thereby as the facts and circumstances warrant at such time.

Appellants' Br.App. A. Appellants appealed.[2]

Before examining the merits of Appellants' appeal, we must resolve two preliminary motions before the Court: Plaintiffs' motion to quash Appellants' appeal as interlocutory; and, Appellants' motion to strike portions of the record.

## II.

It is first necessary to examine the appealability of the order at issue. On January 17, 2007, Plaintiffs filed with this Court a motion to quash the appeal. They assert the trial court's August 25 order is an interlocutory order not subject to appeal.

■ Generally, this Court may only entertain appeals from final orders. Pa. R.A.P. 341. A noted exception to the general rule is found in Rule 313, which provides:

> **(a) General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

> **(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until

2. Our review is limited to determining whether the trial court abused its discretion by enforcing the subpoenas. *In re Semeraro*, 511 Pa. 584, 515 A.2d 880 (1986).

final judgment in the case, the claim will be irreparably lost.

As an exception to the rule of finality, the collateral order doctrine is to be interpreted narrowly, and "each prong of the collateral order doctrine must be clearly present before an order may be considered collateral." *Brophy v. Phila. Gas Works Phila. Facilities Mgmt.*, 921 A.2d 80, 87 (Pa. Cmwlth.2007). "Narrow application prevents the collateral order rule from subsuming the fundamental general precept that only final orders are appealable and from causing litigation to be interrupted and delayed by piecemeal review of trial court decisions." *Id.* The requirements remain stringent to prevent undue corrosion of the final order rule. *Id.*

Appellants appeal two distinct aspects of the trial court's order: that portion of the order allowing Plaintiffs to depose Appellants; and, that portion of the order failing to dispose of Appellants' additional protective motion seeking return or destruction of the Bureau's file. Consequently, we review each aspect of the order appealed to determine whether it is appealable as a collateral order. *Barley v. Consol. Rail Corp.*, 820 A.2d 740 (Pa.Super.2003).

## A.

■ Plaintiffs assert, and Appellants defend, various arguments supporting their stances on whether the trial court's August 25 order allowing Appellants' depositions meets each requirement of the collateral order rule. We thoroughly considered the parties' respective arguments, and conclude the Supreme Court answered the issue in *Ben v. Schwartz*, 556 Pa. 475, 729

A.2d 547 (1999). A review of that case is helpful.

■ There, a plaintiff filed a complaint against the defendant alleging malpractice arising out of dental treatment. The plaintiff subsequently issued a notice of deposition and subpoena *duces tecum* to the Bureau compelling production of its investigatory file pertaining to the defendant. The Bureau filed a motion to quash the subpoenas and/or for a protective order asserting the executive privilege[3] and privilege under the Right–to–Know Law.[4] Common pleas denied the Bureau's motion and directed production of the investigatory file.

Examining the first prong of the collateral order test, the Supreme Court held on appeal that the issue of privilege was separable from the merits of the underlying dispute because it could be analyzed without reviewing whether the defendant negligently treated the plaintiff. The Court further concluded the issue of whether the Bureau's investigatory file was subject to any executive or statutory privilege implicated important rights rooted in public policy and impacted individuals other than those involved in the litigation. Thus, the Court held the order met the second prong of the collateral order test. Finally, the Court agreed with the Bureau that its claim of privilege would be irreparably lost if review was postponed until final judgment, explaining there was "no effective means of reviewing after a final judgment an order requiring the production of putatively protected material." *Id.* at 485, 729 A.2d at 552.

Of further import here, the *Ben* Court also reviewed the unresolved issue of

---

**3.** The executive privilege is "the government's privilege to prevent disclosure of certain information whose disclosure would be contrary to the public interest." *Ben v. Schwartz,* 556 Pa. 475, 486, 729 A.2d 547, 553 (1999).

**4.** Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.4.

whether the executive privilege protected the Bureau's file. The Court found no statutory authority for such privilege, and further declined to recognize the privilege at common law.

In the present appeal, Appellants assert a privilege not materially distinct from the executive privilege.[5] Following the Supreme Court's analysis in *Ben,* we conclude the issue of privilege is separable from the main cause of action and involves a right too important to be denied review. Further, the Bureau's claims would be irreparably lost if review is postponed until final judgment. Accordingly, we conclude the trial court's August 25 order, to the extent it permits the taking of Appellants' depositions, is an appealable collateral order.

### B.

■ Appellants further appeal the trial court's August 25 order, contending the court inadvertently failed to dispose of their additional motion for protective order seeking either return or destruction of the Bureau's file upon completion of the underlying litigation. We disagree.

A fair reading of the trial court's order reveals the court reserved the right to determine later use of the Bureau's file. Thus, for collateral order purposes, the Bureau's claim for return or destruction of the file will not be irreparably lost if review is not granted at this time. We therefore quash Appellants' appeal to the extent it seeks review of the court's order relating to disposal of the Bureau's investigatory file. *Barley.*

### III.

■ We next consider Appellants' motion to strike the Bureau's investigatory file from the record. After careful examination of the Rules of Appellate Procedure, we conclude the trial court properly enlarged the record to include the Bureau's file. Accordingly, we deny Appellants' motion to strike.

Appellants filed this appeal in September 2006. The record was lodged with this Court. Appellants filed their written argument, which included a contention that the record did not support the trial court's order.

Thereafter, in January, 2007, Plaintiffs filed with the trial court a motion to correct or modify the record by attaching the Bureau's investigative file to Plaintiffs' previously filed papers. The trial court granted Plaintiffs' motion, placing the file under seal.

Appellants maintain the trial court lacked jurisdiction to dispose of Plaintiffs' modification of record motion pursuant to Pa. R.A.P. 1701(a), which divests the court of jurisdiction after an appeal is taken. Plaintiffs do not defend the trial court's enlargement order.

We reject Appellants' argument and conclude the trial court properly enlarged the record. In reaching our decision, we first consider Pa. R.A.P. 1926. With added emphasis, the Rule provides:

> If any difference arises as to whether the record truly discloses what occurred in the lower court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stip-

---

5. *See Van Hine v. Dep't of State,* 856 A.2d 204, 212 (Pa.Cmwlth.2004) ("[t]he similarities with the executive privilege [and the deliberative process privilege] are apparent, and in the Court's view the two doctrines are coterminous").

*ulation, or the lower court either before or after the record is transmitted to the appellate court . . . may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted.* All other questions as to the form and content of the record shall be presented to the appellate court.

Pa. R.A.P. 1926. Thus, Rule 1926 may be used by a trial court to include in the record materials that were considered but not made part of the formal record. *See Gulentz v. Schanno Transp., Inc.,* 355 Pa.Super. 302, 513 A.2d 440 (1986); 20A G. Ronald Darlington, et al., *Pennsylvania Appellate Practice* § 1926:3 (2006). Here, the trial court examined the Bureau's file in conjunction with Appellants' motion to quash subpoenas. Pursuant to Rule 1926, the trial court properly enlarged the record to include material providing the basis for its order, thereby facilitating appellate review.[6]

In addition, all parties are privy to the Bureau's file. As noted above, the Bureau voluntarily released its file to the parties in June 2006. Nothing contained in the file remains undisclosed to the parties.

Finally, and with significance, the trial court protected the file's content. In its August 2006 order, the court declared all discovery proceedings confidential, and prevented disclosure of the file to non-parties absent express court permission. Similarly, the trial court's enlargement order placed the Bureau's file under seal protecting it from public access. These measures ensure the file's continued confidentiality.

The trial court did all that it was required to do to assure effective appellate review. For these reasons, we decline to strike the Bureau's file from the record. In addition, the file shall remain sealed in accord with the trial court's enlargement order.

With these preliminary motions resolved, we now examine the merits of Appellants' appeal.

### IV.

Initially, Appellants assert the deliberative process privilege protects Appellants from providing testimony pertaining to the Bureau's investigation. In the alternative, Appellants contend Plaintiffs failed to show the relevancy of the requested depositions and, as such, are prohibited from employing this discovery method. We address each argument in turn.

### A.

■ Relying on *Commonwealth ex. rel Unified Judicial System v. Vartan,* 557 Pa. 390, 733 A.2d 1258 (1999), Appellants contend Pennsylvania courts apply the deliberative process privilege to quash deposition subpoenas of administrative agency workers. In a plurality opinion, the Supreme Court determined in *Vartan* that the deliberative process privilege barred the plaintiff from deposing former Chief Justice Nix in a breach of contract action against the Administrative Offices of the Pennsylvania Courts. After a review of federal law addressing the deliberative process privilege, the Court held the privilege could be invoked by its members to prohibit disclosure of their deliberations impacting the Court's constitutional duty to administer courts and provide court facilities. The issue in this case, Appellants contend, is controlled by *Vartan,* where

---

6. We reject any assertions the trial court failed to provide Appellants' an opportunity to respond to Plaintiffs' motion to correct or modify the record. Plaintiffs sought the same relief in a prior motion to which Appellants filed a responsive brief.

the Court considered whether the privilege applies to oral testimony.

Appellants attempt to distinguish the previously discussed decision in *Ben*, where the Court found no authority for an executive privilege protection of a Bureau file. Appellants urge non-applicability of *Ben* because it addressed document production rather than oral testimony. We find Appellants' distinction immaterial for several reasons.

■ First, there is no clear common law deliberative process privilege protecting the executive branch. Since the plurality opinion in *Vartan*, our Supreme Court declined to apply the deliberative process privilege in *LaValle v. Office of Gen. Counsel*, 564 Pa. 482, 769 A.2d 449 (2001). More recently, in *Tribune–Review Publishing Co. v. Department of Community and Economic Development*, 580 Pa. 80, 87, n. 2, 859 A.2d 1261, 1266 n. 2 (2004), the Court again acknowledged it never adopted the deliberative process privilege.[7] *See also Ben*, 556 Pa. 475, 729 A.2d 547

(Court declined to recognize common law executive privilege).

Second, there is no statutory basis for the deliberative process privilege. This is significant because the failure of the General Assembly to change the law which has been interpreted by the courts creates a presumption that the interpretation was in accordance with the legislative intent. *See Fonner v. Shandon*, 555 Pa. 370, 724 A.2d 903 (1999).

Consequently, Appellants may not avail themselves of the deliberative process privilege because it is not adopted in Pennsylvania to protect the executive branch. This is true regardless of the nature of the discovery request. *See generally* Pa. R.C.P. No. 4003.1 (a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action). Accordingly, we conclude the deliberative process privilege asserted by Appellants does not establish blanket immunity from

---

**7.** Even if *Vartan* establishes the existence of the deliberative process privilege, it is not without limitation. Setting forth the requirements of the privilege, the Court explained the communication must be made before the deliberative process is complete and, must be "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." 557 Pa. at 401, 733 A.2d at 1264. Examining federal case law, the Court noted those cases applying the privilege involved high government officials, and further agreed that only "top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking actions." *Id.* at 404, 733 A.2d at 1265.

We agree with this limitation. As one court has stated, the privilege is not applicable to "every employee of the government whose job requires him or her to make a decision. The cases refer mainly to high administration officials who make legislative or policy decisions." *Doubleday v. Ruh*, 149 F.R.D. 601, 608 (E.D.Cal.1993) (citing *Franklin Sav. Ass'n*

*v. Ryan*, 922 F.2d 209 (4th Cir.1991) (protection applied to director of Office of Thrift Savings); *Sweeney v. Bond*, 669 F.2d 542 (8th Cir.1982) (protection applied to governor); *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226 (9th Cir.1979) (protection applied to head of Small Business Administration)). Thus, the deliberative process privilege is reserved for individuals in high ranking positions.

In this case, there is no showing Appellants, two staff attorneys and an investigator, are "high ranking government officials" who make legislative or policy decisions. Without protection of the deliberative process privilege, Appellants are not immune from discovery, and the Rules of Civil Procedure authorize the taking of their depositions. *See* Pa. R.C.P. No. 4007.1 (a party desiring to take the deposition of *any person* shall give reasonable notice to the other party in the action). *See generally Commonwealth v. Willis*, 380 Pa.Super. 555, 552 A.2d 682 (1988); *Commonwealth v. VanBuskirk*, 155 Pa.Super. 613, 39 A.2d 311 (1944).

Plaintiffs' discovery requests.[8]

### B.

▮ As a final argument, Appellants maintain the trial court erred by allowing their depositions to proceed where Plaintiffs failed to show the relevancy of Appellants' testimony. We agree and, therefore, reverse the trial court's order.

Pennsylvania Rule of Civil Procedure 4003.1(a), governing the scope of discovery, provides in pertinent part:

[A] party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking to discover or to the claim or defense any other party....

In defense of their position that Appellants' depositions are relevant to the underlying matter, Plaintiffs assert numerous inconsistencies in the Bureau's file giving rise to the need for clarification through deposition testimony.

After careful review, we conclude Plaintiffs fail to establish legal relevance. Specifically, Plaintiffs' amended complaint makes no claims the Bureau's actions caused injury. Indeed, the Bureau apparently closed its investigation without charges or any other type of identified loss to Plaintiffs. As to the argument that the depositions are relevant not to Plaintiffs' claims but to Defendants' affirmative defense of truth, this Court's published decision in *Ferguson* and Plaintiffs' subsequent change of practice establishes that defense. Consequently, there is no reasonable balance between the value of the

discovery request and the burden to Appellants. Pa. R.C.P. No. 4011(b) ("No ... deposition shall be permitted which ... would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent...."). Similarly, we conclude that the information sought is not legally relevant within the meaning of Pa. R.C.P. No. 4003.1(a), because any limited probative value flowing from inquiry into "inconsistencies" is outweighed by the danger of confusion of the issues, considerations of undue delay, or waste of time. *See* Pa.R.E. 403. *See also Chicchi v. Se. Pa. Transp. Auth.*, 727 A.2d 604 (Pa. Cmwlth.1999) (evidence may be excluded where it has an undue tendency to suggest a decision on an improper basis).

### V.

In sum, we conclude Appellants' deposition testimony is not protected by the deliberative process privilege. Nevertheless, Plaintiffs failed to show the legal relevance of Appellants' depositions, and, therefore, they are precluded.

For all the reasons stated above, we quash Appellants' appeal to the extent it seeks review of the trial court's order failing to address return or destruction of the Bureau's file; deny Appellants' motion to strike the Bureau's file from the record, and reverse the trial court's order allowing Plaintiffs to depose Appellants.

### ORDER

**AND NOW,** this 31st day of May, 2007, the order of the Court of Common Pleas of Dauphin County, dated August 25, 2006, is

---

**8.** *Evans v. F.W. Woolworth Co.*, 78 Fair Empl. Prac. Cas. (BNA) 492, 1998 WL 811790 (S.D.Fla.1998) and *Allen v. The Hearst Corp.*, 56 Fair Empl. Prac. Cas. (BNA) 1121, 1991 WL 323020 (D.Md.1991), upon which Appellants rely in part, are inapposite. In both cases the plaintiffs sought to depose employees of the Equal Employment Opportunity Commission. However, their testimony was limited by the statutory deliberative process privilege in 5 U.S.C. § 522(b)(5).

hereby **REVERSED** to the extent it permits Plaintiffs to depose Appellants. It is further **ORDERED** Plaintiffs' Motion to Quash Appeal is **GRANTED IN PART** and **DENIED IN PART** consistent with the foregoing opinion. Appellants' Motion to Strike is **DENIED**.