ACCEPTED
05-15-00458-cv
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/4/2015 2:38:02 PM
LISA MATZ
CLERK

June 3, 2015

Re:     *Shane Langston v. Freese & Goss, et al.*, Court of Appeals No. 05-15-00458-CV

**AMENDED LETTER BRIEF**

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
6/4/2015 2:38:02 PM
LISA MATZ
Clerk

Dear Honorable Appellate Judges and Clerk Matz:

This letter brief is in response to the Court's letter from Ms. Matz dated June 2, 2015. I represent myself *pro se* in this appeal.

The Texas Court of Appeals, Fifth District, Dallas, <u>does</u> have jurisdiction over the subject appeal because the March 19, 2015 trial court order (denying sanctions) is a FINAL appealable order as to the appellant <u>NON-PARTY</u> Shane Langston.

While I have located no case from the Texas Court of Appeals or the Texas Supreme Court directly addressing the jurisdictional issue before this Court, the prevailing law in multiple jurisdictions throughout the country is that an order entered against a non-party relative to sanctions is a FINAL appealable order.  <u>See</u>, <u>e.g.</u>, *OSRecovery, Inc., v. One Group International, Inc.*, 462 F.3d 87 (2nd Cir. 2006); *Rae v. Pennsylvania Funeral Directors*, 925 A.2d 197 (Pa.Cmwlth. 2007); *Covey Oil Company v. Continental Oil Company*, 340 F.2d 993 (10th Cir. 1965); *Burden-Meeks v. Welch*, 319 F.3d 897 (7th Cir. 2003) ("Courts recognize one distinction between appeals by parties and appeals by non-parties: parties must wait until the end of the case or a finding of criminal contempt, while non-parties may appeal from a finding of civil contempt."). Etc.

<u>Brief Summary of Issue and Order subject to Instant Appeal</u>:  The underlying trial court action involves one group of attorneys suing another group of attorneys.  One of the attorney defendants is my father-n-law Chuck McRae, Esq., a former Mississippi Supreme Court Justice now in private practice in Mississippi. Since the date of its filing until the present all issues and related discovery have been stayed until the trial court rules on the defendants' motion to dismiss for lack of personal jurisdiction.

My wife and I are attorneys licensed in Mississippi.  We own and operate the law firm Langston & Langston.  We moved to Texas last year and soon intend to apply for a Texas bar license. WE ARE NOT PARTIES TO THE UNDERLYING ACTION.  Further, the Order subject to this appeal has absolutely no nexus or connection with the underlying cause because we are not parties to the underlying action and are not attorneys representing anyone in the underlying action. (By contrast, if we were parties and/or attorneys in the underlying action then the trial court's denial of the sanctions would have a nexus to the underlying lawsuit and would not be a final appealable order.)

Presumably to help develop facts that would help establish personal jurisdiction over McRae, plaintiffs Freese & Goss, et al., and their counsel (collectively "F&G") sought to take the depositions of my wife and me.  Though the length restrictions in this letter brief will not permit me to explain the abusive, harassing, frivolous, bad faith, "bullying tactics" of F&G, suffice it to say that the deposition subpoenas duces tecum (i.e., 25 categories of document

requests asking for every client file for <u>years</u>, all law firm banking records for <u>years</u>, personal contracts, e.g., prenuptial, between my wife and me, personal financial statements, etc., etc., etc.) caused by F&G to be issued for service on my wife and me were the most harassing, overly broad, bad faith subpoenas this Court will ever review. Even worse, F&G did not serve the subpoenas on my wife or me; but then filed a patently frivolous motion for contempt falsely claiming, among many other falsehoods, that we were served and that we failed to show; etc., etc. Thus, F&G, without our presence at a hearing or knowledge of a hearing, secured (through falsehoods) a "Show Cause" order against us. Etc., etc.

We filed a motion to quash and for sanctions, with sworn affidavits, etc.[1] F&G never filed a response. Never contested their bad faith conduct. We had an evidentiary hearing where my wife and I gave sworn, live testimony. F&G contested nothing. Though the document subpoenas duces tecum were quashed and the Show Cause order set aside, and though the trial court found the subpoenas unreasonable and overly broad to the point that it "angered" Your Honor, and that the motion for contempt had "no apparent factual basis"; the court without explanation just denied sanctions.

<u>Finality of Order</u>: This Court in its June 2nd letter cited *In re Ron SMITH*, 192 S.W.3d 564 (Tex. 2006) for the proposition that a sanctions order is reviewable on appeal from a final judgment. Respectfully, the Court is absolutely correct if the sanction order is against a party litigant and/or its counsel. However, *In re Ron Smith* did not involve a sanction order adverse to a <u>non-party</u>. It cited and relied on a one-paragraph holding in *Arndt v. Farris*, 633 S.W.2d 497 (Tex. 1982), which held that, "Adequate and effective review of discovery sanctions can be obtained by appeal [4] once the sanctions become part of a final judgment." *Arndt*, 633 S.W. 2d at 500. This holding applied only to parties and their counsel.

Federal appellate court jurisdiction, under 28 U.S.C. §1291, restricts jurisdiction to appeals of "final decisions." It, like Texas, simply provides that, "The courts of appeals . . . shall have jurisdiction of appeals from all <u>final decisions</u> of the district courts . . . ." <u>Id</u>.

What is a "final decision" for purposes of appellate review, however, depends on whether the aggrieved appellant is a party or non-party. In *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364 (9th Cir. 1982), a party litigant issued and served oppressive, harassing subpoenas duces tecum on non-parties commanding them to produce massive quantities of documents. The non-parties moved to quash. The court ordered production of most of the documents. The non-parties produced the documents at a cost of several millions of dollars and then moved for costs. <u>Id</u>. at 366. The trial court denied the costs and the non-parties appealed before a final judgment on the underlying case was entered. On appeal, appellees challenged jurisdiction. The 9th Circuit Court of Appeals rejected the challenge and found as follows:

---

[1] My wife and I began this process representing ourselves *pro se*. We later felt the need to hire co-counsel, Krisi Kastl, Esq. Ms. Kastl represented us throughout the final trial court hearing. I am prosecuting this appeal *pro se*.

The finality requirement is designed to balance the institutional interests of the courts in efficiency against the individual litigant's interest in obtaining prompt review. By preventing premature interference with discretionary trial court orders, the finality rule minimizes the disruption and delay of trial court functions and the strain on both the parties and judicial system caused by proliferation of appellate proceedings by piecemeal review of interlocutory orders. See generally, 15 Federal Practice and Procedure: Civil, supra, § 3912; 9 Moore's, supra, at P 110.07.

Consistent with these considerations, the Court has given the finality requirement a "practical rather than a technical construction," Cohen, 337 U.S. at 545, 69 S.Ct. at 1225, and has recognized certain exceptions to the rule. See Forgay v. Conrad, 47 U.S. (6 How.) 212, 214, 12 L.Ed.2d 404 (1848) (hardship doctrine); Cohen, 337 U.S. at 546-47, 69 S.Ct. at 1225-26 (collateral order doctrine); Gillespie v. United States Steel Corp., 379 U.S. 148, 152-54, 85 S.Ct. 308, 310-12, 13 L.Ed.2d 199 (1964) (pragmatic finality). The critical inquiry in determining whether a particular order is appealable under one of these exceptions to the finality rule is not only whether the order fits neatly within the exception, but, additionally, whether appeal would be consistent with the purposes of the rule. Andre, Jr., supra, 55 N.Y.U.L.Rev., at 1062.

To come within Cohen 's collateral order doctrine "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." . . . . Although most discovery orders do not meet the requirements of the collateral order doctrine, [5] even as to nonparties, [6] the subject order clearly falls within the narrow class of orders that does. [7] First, the order denying costs was not, in the language of Cohen, "tentative, informal or incomplete," . . . . The order left no issue as to costs, or as to any other matter affecting the studios' involvement in the action, "open, unfinished or inconclusive." Id. Second, the order resolved an issue "separable from, and collateral to, rights asserted in the action." Id. Because discovery against the studios was complete when costs were denied, appeal entailed no risk of delaying proceedings in the underlying action. The post-production denial of costs was "too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Id. at 546, 69 S.Ct. at 1225. Third, this is not a case of merely "deferring" review, for we see no way that the nonparty studios could have protected themselves by appeal from the consent judgments eventually entered against the networks.

Id. at 370.

I have no further participation in the underlying action.  This action could continue for years. Likely, had I not appealed defendants would argue that my right to appeal had expired.

/s/ Shane Langston, pro se Appellant