J-S20002-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER MICHAEL RODLAND, | : | |
| | : | |
| Appellant | : | No. 1244 WDA 2018 |

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000890-1999

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER MICHAEL RODLAND, | : | |
| | : | |
| Appellant | : | No. 1245 WDA 2018 |

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000891-1999

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER MICHAEL RODLAND, | : | |
| | : | |
| Appellant | : | No. 1246 WDA 2018 |

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000892-1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
CHRISTOPHER MICHAEL RODLAND, :
:
Appellant : No. 1247 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000893-1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
CHRISTOPHER RODLAND, :
:
Appellant : No. 1248 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000894-1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
CHRISTOPHER RODLAND, :
:
Appellant : No. 1249 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000895-1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER MICHAEL RODLAND, :
:
Appellant : No. 1250 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000896-1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER MICHAEL RODLAND, :
:
Appellant : No. 1251 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000897-1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER MICHAEL RODLAND, :
:
Appellant : No. 1252 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000898-1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
    :   PENNSYLVANIA
    :
   v.    :
    :
    :
CHRISTOPHER MICHAEL RODLAND, :
    :
   Appellant  :   No. 1253 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000899-1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
    :   PENNSYLVANIA
    :
   v.    :
    :
    :
CHRISTOPHER MICHAEL RODLAND, :
    :
   Appellant  :   No. 1254 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000900-1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
    :   PENNSYLVANIA
    :
   v.    :
    :
    :
CHRISTOPHER MICHAEL RODLAND, :
    :
   Appellant  :   No. 1255 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  901 CR 1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER RODLAND, :
:
Appellant : No. 1256 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  902 CR 1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER RODLAND, :
:
Appellant : No. 1257 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  903 CR 1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER RODLAND, :
:
Appellant : No. 1258 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000904-1999

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER MICHAEL RODLAND, | : | |
| | : | |
| Appellant | : | No. 1259 WDA 2018 |

Appeal from the Order Dated August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000905-1999

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER MICHAEL RODLAND, | : | |
| | : | |
| Appellant | : | No. 1260 WDA 2018 |

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  906 CR 1999

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER MICHAEL RODLAND, | : | |
| | : | |
| Appellant | : | No. 1261 WDA 2018 |

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000907-1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER MICHAEL RODLAND, :
:
Appellant : No. 1262 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000908-1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER MICHAEL RODLAND, :
:
Appellant : No. 1263 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000909-1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER MICHAEL RODLAND, :
:
Appellant : No. 1264 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000910-1999

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER MICHAEL RODLAND, | : | |
| | : | |
| Appellant | : | No. 1265 WDA 2018 |

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000911-1999

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER MICHAEL RODLAND, | : | |
| | : | |
| Appellant | : | No. 1266 WDA 2018 |

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000912-1999

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER MICHAEL RODLAND, | : | |
| | : | |
| Appellant | : | No. 1267 WDA 2018 |

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000913-1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
 :
 :
v. :
 :
 :
 :
CHRISTOPHER MICHAEL RODLAND, :
 :
Appellant : No. 1268 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0001107-1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
 :
 :
v. :
 :
 :
 :
CHRISTOPHER MICHAEL RODLAND, :
 :
Appellant : No. 1269 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0001108-1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
 :
 :
v. :
 :
 :
 :
CHRISTOPHER MICHAEL RODLAND, :
 :
Appellant : No. 1270 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0001112-1999

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
CHRISTOPHER MICHAEL RODLAND : No. 1271 WDA 2018

Appeal from the Order Entered August 16, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0001014-2000

BEFORE: GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED JULY 2, 2019

Christopher Michael Rodland ("Rodland") appeals from the Order

permitting the Commonwealth to supplement the certified record with certain

documents. We reverse the Order of the trial court, and strike the documents

from the certified record.[1]

The trial court summarized the relevant history underlying the instant

appeal as follows:

> [Rodland] pled guilty or nolo contendere, or was found guilty
> after two jury trials, of committing over twenty arsons in 1999.
> In a Memorandum filed [on] June 15, 2010, the Pennsylvania
> Superior Court affirmed the judgments of sentence, specifically

---

[1] Rodland has complied with Pa.R.A.P. 341, and our Supreme Court's directive
in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018), by filing separate
Notices of Appeal.

noting that [Rodland's] brief was so deficient as to cause all of [his] issues to have been waived. [Rodland] then petitioned for an [a]llowance of [a]ppeal to the Pennsylvania Supreme Court, which was denied.

In February[] 2011, [Rodland] filed a [Post Conviction Relief Act ("PCRA")[2]] Petition, and subsequent thereto[,] an all[-]inclusive Amended PCRA Petition (covering all criminal action numbers relative to the first jury trial, the second jury trial[,] and all open/nolo contendere pleas). This Amended PCRA Petition was filed in November[] 2011. Supplements to the Amended Petition were filed in 2013. On December 22, 2015, a PCRA [e]videntiary [h]earing was held before the [PCRA court] .... By Opinion and Order dated June 13, 2017, [the PCRA court] reinstated [Rodland's] direct appeal[, nunc pro tunc,] with the Superior Court of Pennsylvania .... [Thereafter, the parties filed their respective appellate briefs.] ... The Commonwealth attached several exhibits to its brief. [Rodland] filed a Motion to Exclude Exhibits attached to the [Commonwealth's] brief with the Superior Court ..., specifically averring that five of the attached exhibits ha[d] never been previously admitted into the record. Those exhibits include:

A letter dated August 30, 1999 from Attorney Brian H. Grabill [("Attorney Grabill")] to Attorney Douglas J. Keating [("Attorney Keating")] ...;

A letter dated October 5, 1999[,] from Attorney Keating to Attorney Grabill ...;

A letter dated December 6, 1999[,] from Attorney Keating to former Blair County Court Administrator, Michael D. Reighard ...;

The Pre-Sentence Investigation Report ...;

A transcribed recorded statement provided by [] Rodland to Detective Sergeant Roger White [("Detective White")], then [a member] of the Altoona Police Department ....

[The Commonwealth thereafter filed a Petition to Supplement the Record with the above-described documents.] The

_____

[2] See 42 Pa.C.S.A. §§ 9541-9546.

Commonwealth acknowledges that the exhibits in question have not been previously admitted into the record in their original form[;] however, the Commonwealth asserts that a number of these exhibits ha[d] been referenced in various proceedings before the court, including but not limited to trial, [the] guilty plea (or nolo contendere plea) hearing, pretrial motions and or post-trial motions.

Trial Court Opinion, 8/24/18, at 1-3 (footnote added).

After a hearing, the trial court granted the Commonwealth's Petition to Supplement the Record, and forwarded to this Court a Supplemental Record. Thereafter, Rodland filed the instant collateral appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Rodland presents the following claim for our review:

Whether the trial court erred and abused its discretion by granting the Commonwealth's Petition [to Supplement] the Record[,] pursuant to Pa.R.A.P. 1926, as there was insufficient evidence presented by the Commonwealth to demonstrate the items that were added to the certified record were originally omitted by error, breakdown in the processes of the court, by accident, or were misstated, as required by Pa.R.A.P. 1926(b)?

Brief for Appellant at 5.

Rodland argues that the trial court improperly granted the Petition to Supplement, where the Commonwealth had failed to demonstrate that the items at issue were omitted by error, accident, a breakdown in the court's processes, or were misstated. Id. at 13. Rodland contends that the Commonwealth presented no evidence meeting any of these conditions, and merely had asked each of its witnesses to authenticate the documents. Id.

at 16. According to Rodland, the Commonwealth "cannot and does not point to any oversight[,] mistake or failings in the court system that prevented its Exhibits from previously being admitted into evidence ...." Id. at 17-18.

Appellate courts may only consider facts which have been duly certified in the record on appeal. Commonwealth v. Bracalielly, 658 A.2d 755, 763 (Pa. 1995). Pennsylvania Rule of Appellate Procedure 1926 addresses the correction and modification of the certified record and provides, in relevant part, as follows:

> (a) If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth.
>
> (b) If anything material to a party is omitted from the record by error, breakdown in processes of the court, or accident or is misstated therein, the omission or misstatement may be corrected by the following means:
>
>> (1) by the trial court or the appellate court upon application or on its own initiative at any time; in the event of correction or modification by the trial court, that court shall direct that a supplemental record be certified and transmitted if necessary; or
>>
>> (2) by the parties by stipulation filed in the trial court, in which case, if the trial court clerk has already certified the record, the parties shall file in the appellate court a copy of any stipulation filed pursuant to this rule, and the trial court clerk shall certify and transmit as a supplemental record the materials described in the stipulation.

Pa.R.A.P. 1926(a), (b).

At the Rule 1926 hearing, the Commonwealth admitted that the documents were not previously entered into the record in any prior proceeding before the trial court or the PCRA court. See N.T., 8/14/18, at 36. Our review of the record further discloses that the Commonwealth failed to establish the occurrence of omissions or misstatements "by error, breakdown in processes … or accident[,]" or that the documents at issue were material to the trial court's consideration of the issues presented in Rodland's nunc pro tunc direct appeal, or his appeal of the most recent Order of the PCRA court.[3] Rather, the Commonwealth seeks to introduce these documents to counter the arguments made by Rodland in his nunc pro tunc direct appeal, and his appeal from the Order of the PCRA court. Rule 1926 does not allow for the introduction of new evidence at the appellate level. See Pa.R.A.P. 1926. Thus, the trial court abused its discretion in granting the Commonwealth's Petition to Supplement the Certified Record.

Consequently, we reverse the Order of the trial court, and strike from the certified record the letters dated August 30, 1999, October 5, 1999, and December 6, 1999. We further strike from the record the Pre-Sentence

_____

[3] As the Pennsylvania Commonwealth Court has explained, "[m]aterial" in this sense means evidentiary items that were considered by the trial court, but, for some error, were not included in the formal certified record. See Rae v. Pa. Funeral Dirs. Ass'n, 925 A.2d 197, 204 (Pa. Cmwlth. 2007), vacated on other grounds, 977 A.2d 1121 (Pa. 2009). We agree with and adopt the Commonwealth Court's explanation for the purpose of this appeal. See id.

Investigation Report, and the transcribed statement from Rodland to Detective White.

Order reversed. Documents stricken from the record in accordance with this Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/2/2019