515 A.2d 880

**In re Petition for Enforcement of a Subpoena to Anthony SEMERARO.**

Supreme Court of Pennsylvania.

Argued May 13, 1986.

Decided Sept. 26, 1986.

G. Alan Bailey, Norristown, John J. Contino, Pa. Crime Commission, Steven V. Turner, Philadelphia, for petitioner.

John Rogers Carroll, Philadelphia, for Semeraro.

Marion MacIntyre, Deputy Executive Atty. Gen., for respondent.

Before NIX, C.J., and FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

This is a petition for review of an order of the Commonwealth Court denying enforcement of a Pennsylvania Crime Commission subpoena. 42 Pa.C.S. § 723(a); Pa.R.A.P. 3331(a)(5). The Commission argues that the court erred in addressing the Respondent's relevancy objection as a basis for Respondent's refusal to answer the call of the subpoena. Assuming that this objection was not premature, however, the Commission argues that the court erred in the way it applied the law to the established facts. According to the Commission, if the evidence is correctly assessed according to the proper standard of relevance, the court's holding is against the weight of the evidence and an abuse of discretion.

As there is no dispute regarding the facts, they will be only briefly summarized. The Pennsylvania Crime Commission has undertaken several investigations into the practices of the Judicial Inquiry and Review Board, apparently in response to the Board's decisions not to recommend disciplinary action in certain cases. In connection with one of these investigations, the Commission determined that the Board had reviewed and dismissed charges of judicial misconduct arising out of the election campaign of Judge Anthony Semeraro, Respondent. A subpoena was served on Judge Semeraro, whose refusal to comply sparked the enforcement proceedings below. The court's refusal to enforce the subpoena generated this review.

The Commission's initial argument is that the Respondent's objections to the subpoena are not ripe for

judicial review, that objections to the relevancy of subpoenaed evidence must be asserted in response to particular questions when the witness appears. This argument may be dismissed out of hand. Ordinarily, a preliminary challenge to a subpoena will be dismissed and the witness ordered to appear, interposing objections to questions as they are propounded. This is so, however, not because any prior review of the subpoena is improper, but because in the ordinary case the subpoena will bear up under the minimal scrutiny to which it is subjected in an enforcement proceeding. We need not explain in detail the reasons for granting substantial deference to administrative agencies as to the enforcement of subpoenas issued in furtherance of their investigative function. These have been thoroughly set out in *Pennsylvania Crime Commission v. Nacrelli*, 5 Pa. Cmwlth. 551 (1972) and the cases cited therein, particularly *United States v. Morton Salt Co.*, 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950) and *Hannah v. Larche*, 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960) which were quoted at great length. These reasons may be summarized in a quotation from another case cited, *Edge Ho Holding Corp.*, 256 N.Y. 374, 379, 176 N.E. 537, 539 (1931): "Investigation will be paralyzed if arguments as to materiality or relevance, however appropriate at the hearing, are to be transferred upon a doubtful showing as to the stage of a preliminary contest as to the obligation of the writ. Prophecy in such circumstances will step into the place that description and analysis may occupy more safely."

This policy of allowing wide latitude to administrative agencies to investigate matters within their authority has never been understood to preclude all preliminary questioning of the propriety of subpoenas. All of the cases cited by the Commission recognize that there can be circumstances where "a governmental investigation ... may be of such a sweeping nature and so unrelated to the matter properly under inquiry as to exceed the investigatory power." *United States v. Morton Salt Co.*, 338 U.S. at 652, 70 S.Ct. at 369. This court has only recently reaffirmed that certain

constitutional minimums must be observed in the enforcement of Commission subpoenas. *In re Petition For Enforcement of Subpoenas To Corporations A, B, C, D, and E,* 507 Pa. 137, 489 A.2d 182 (1985). We there stated that "[i]n the event of a subpoenaed witness's failure to respond, the Commission can then, if it wishes, seek Commonwealth Court's aid to enforce the dishonored subpoenas by a constitutionally proper procedure. That procedure will also preserve the appellants' *due process right to a judicial test* in Commonwealth Court of the validity *of the subpoenas and their relevance to a properly authorized investigation* of the Commission." *Id.,* 507 Pa. at 145, 489 A.2d at 186.

Having affirmed the propriety of the lower court's inquiry into the substance of the subpoena at the enforcement proceeding, we turn to the Commission's argument that the court misapplied the law in reaching its conclusion. It has been previously stated that "[w]hether a subpoena shall be enforced rests in the judicial discretion of the court." *Pennsylvania Crime Commission v. Nacrelli,* 5 Pa. Cmwlth at 577 *Cf., Robert Hawthorne, Inc. v. County Investigating Grand Jury,* 488 Pa. 373, 412 A.2d 556 (1980) (discretion of grand jury supervising judge regarding enforcement of subpoenas). We will not disturb a discretionary ruling of a lower court unless the record demonstrates an abuse of the court's discretion. So long as there is evidence which supports the lower court's decision, it will be affirmed. We may not substitute our judgment of the evidence for that of the lower court.

■ The standard to be applied in adjudicating the Respondent's challenge to the Commission subpoena is not in dispute. " '[I]t is sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant.' " *Pennsylvania Crime Commission v. Nacrelli,* 5 Pa. Cmwlth. at 577, *quoting United States v. Morton Salt Co.,* 338 U.S. at 652, 70 S.Ct. at 369. The Commission characterizes this requirement as "not a probative relevancy, for it cannot be known in advance whether the [evidence] produc-

ed will actually advance the investigation [but] rather a relevancy to the subject matter of the investigation." *In Re Grand Jury Proceedings*, 507 F.2d 963 (3d Cir.1975) (*Schofield II*), *quoting In re Morgan*, 377 F.Supp. 281, 285 (S.D.N.Y.1974). The Commonwealth Court stated as much in different terms, characterizing it as a "minimal evidentiary burden". " 'Reasonably relevant,' for purposes of an investigatory body's subpoena power, means that there must be some evidence establishing that the testimony sought will likely touch upon the subject matter of the underlying investigation." *Slip Opinion* at 2.

The Commission argues that despite stating the proper standard, the court below in fact held the Commission to a much stricter standard of proof, requiring a demonstration of probative relevancy to justify enforcement of the subpoena. We cannot agree with this assessment of the record.

As best as can be determined from the oblique testimony of Commission investigation director Frank R. Booth, the only witness to appear at the enforcement hearing, the Commission was investigating the Board's practices in regard to cases where disciplinary action was not pursued after preliminary investigation. In the case of Anthony Semeraro, allegations of election law violations arising out of his judicial campaign had been investigated by the Federal Bureau of Investigation and the United States Attorney for the Eastern District of Pennsylvania. No prosecution was deemed to be warranted, and the matter was referred to the District Attorney for Delaware County, who also decided there was not basis for prosecution. These same allegations were brought to the attention of the Judicial Inquiry and Review Board which apparently decided after preliminary investigation not to conduct formal hearings or pursue disciplinary action. The Commission investigation of possible public corruption in this decision of the Board was based solely on an unnamed informant's [1] "tip" that

1. In assessing the evidence produced in support of enforcing the subpoena, it must not be overlooked that the information relied on by the Commission was apparently obtained in violation of the Board's

there was a connection between the Board's vote, said to be 4-3, an unfulfilled informal agreement allegedly struck between Judge Semeraro and the Delaware County District Attorney to have Semeraro testify in an unrelated criminal case, and the supposed belief of the amorphous "political structure" of Delaware County that they could influence the Board's decision.

More than once at the enforcement hearing, Judge Crumlish exhibited understandable exasperation at the inability of the witness to bridge the substantial gaps in the tortuous trail of relevance the Commission had laid out. A detached overview of the testimony fails to dispel the impression that the Commission's claim of relevance between the testimony sought and the purpose of the investigation—the Board's decision-making practices—was manufactured out of whole cloth. The Commonwealth Court's determination that the subpoena should not be enforced is supported by the record and will not be disturbed.

Order affirmed.

LARSEN, J., did not participate in the consideration or decision of this case.

NIX, C.J., concurs in the result.

confidentiality requirements, requirements imposed by rule, statute, and the state Constitution. Rules of Procedure Governing the Judicial Inquiry and Review Board, Rule 20; 42 Pa.C.S. § 3334; Pa. Const. Art. 5, § 18(h). The nature of the information received indicates that its source must of necessity have been an employee of the Board involved in the investigation, or worse, a member of the Board. We cannot express strongly enough our disapproval of this indiscriminate breach of trust, an illegal act undertaken on an individual assessment of what the rules should be, in callous disregard of the law as it has been ordained by the citizens of the Commonwealth, promulgated by their democratically elected representatives, and interpreted by the judiciary.