Allison K. TURNER, Petitioner,

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 17, 1996.
Decided Oct. 11, 1996.

Debra K. Wallet, Camp Hill, for Petitioner.

Kevin J. Moody, Assistant Counsel, for Respondent.

Before COLINS, President Judge, and DOYLE, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and FLAHERTY, JJ.

PELLEGRINI, Judge.[1]

This case is before us on reargument of our decision and order filed December 28, 1995. Allison K. Turner (Turner) originally filed a petition for review asserting both original and appellate jurisdiction in this court. In our initial decision, we addressed only those issues raised in our original jurisdiction. Turner requested reargument contending that we should address the issues she raised in our appellate jurisdiction as well. We withdrew the December 28, 1995 decision and order on January 26, 1996, and granted reargument.

Turner was employed as the Chief Administrative Law Judge (Chief ALJ) for the Public Utility Commission (Commission) beginning in 1986. In fall of 1994, the Commission advised her that she was not satisfactorily performing her job as the Chief ALJ and requested her to consider voluntarily resigning. Over the course of several months, the Commission attempted to persuade her to resign; however, she refused. Due to her refusal to resign, the Commission scheduled a hearing to discuss her removal from this position under Section 304(d) of the Public Utility Code, 66 Pa.C.S. § 304(d), which provides, in pertinent part, that "[t]he position of chief administrative law judge may not be withdrawn from a person so appointed, nor his salary diminished, except for good cause shown."

At the March 13, 1995 hearing, after some disagreement and discussion, the Commission indicated that they would conduct a pre-termination-type hearing under the standards of *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Turner agreed that she would not raise the issue of impermissible commingling under *Lyness v. Commonwealth, State Board of Medicine,* 529 Pa. 535, 605 A.2d 1204 (1992), as a result of the *Loudermill*-type hearing. Turner had an opportunity to present evidence on her behalf and hear the evidence presented in support of her termination as Chief ALJ. However, no transcript was made of the hearing.

After the hearing, the Commission notified her by letter that she was being removed from the position of Chief ALJ but offered her an ALJ position.[2] No post-termination proceeding was held and Turner quickly filed this action. Subsequently, one Commission-

---

1. This case was reassigned to the authoring judge on September 10, 1996.

2. The Commission voted at a public meeting on March 30, 1995, that she be removed from her position as Chief ALJ and reassigned as an ALJ.

er who participated in the pre-termination proceeding left the Commission and was replaced by Commissioner Robert K. Bloom.

In our original jurisdiction,[3] Turner seeks a declaration regarding the proper forum to provide her a hearing which will comport with due process requirements. In our appellate jurisdiction, she argues that the letter removing her is an invalid adjudication and that it violated her due process rights.

■ In Pennsylvania, public employees are employees-at-will and subject to summary dismissal unless the legislature has explicitly conferred tenure as an integral part of a comprehensive governmental employment scheme. *Bolduc v. Board of Supervisors of Lower Paxton Township,* 152 Pa. Cmwlth. 248, 618 A.2d 1188 (1992). Where the legislature has intended that tenure should attach to public employment, it has been very explicit in so stating. *Scott v. Philadelphia Parking Authority,* 402 Pa. 151, 166 A.2d 278 (1960). *See, e.g.,* the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101—27–2702. Section 304(d) of the Public Utility Code provides:

> The commission shall appoint one of the administrative law judges as chief administrative law judge who shall be responsible for assigning a hearing judge to every proceeding before the commission which may require the utilization of an administrative law judge and who shall receive remuneration above that of any other administrative law judge. The position of chief administrative law judge may not be withdrawn from a person so appointed, nor his salary diminished, *except for good cause shown.* (emphasis added).

The Commission does not contend that Turner has no property interest in continued employment under Section 304(d) of the Public Utility Code.[4]

Assuming that to be true, in *Loudermill,* the United States Supreme Court considered what process must be afforded to a civil service employee who has a property right to continued employment prior to being terminated. In that case, an employee was terminated for dishonesty without being given an opportunity to respond to the charge or to challenge his dismissal. The employee brought an action in federal court after the Cleveland Civil Service Commission upheld his dismissal. The Supreme Court held that a civil servant with a property right to continued employment must be given a hearing prior to being terminated. Because the Ohio statute provided a full administrative hearing after the termination, the Court stated that the pre-termination hearing need not be elaborate and need not resolve the propriety of the discharge. Such a pre-termination hearing, the Court held, must comply with the essential requirements of due process, that is, the employee must be given notice and an opportunity to respond.

In the case before us, the parties do not contest that the pre-termination hearing conducted on March 13, 1995, complied with the requirements of *Loudermill* as it was intended to do. However, unlike in *Loudermill,* there is no explicit statutory provision for a post-termination hearing. The Public Utility Code does not provide for any post-termination proceedings and the Chief ALJ is not covered by the Civil Service Act.[5]

■ There is no question, however, that Turner's removal by the Commission was an adjudication. An administrative "adjudication" is defined at 2 Pa.C.S. § 101[6] as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or

---

3. On April 3, 1995, Turner also filed an application for special relief in the nature of a preliminary injunction, or, in the alternative, a stay pending action on the petition for review. After hearings were held, a single-judge decision on September 13, 1995, denied Turner's application.

4. Not raised by the Commission is whether "good cause" means the same as "just cause".

5. In contrast to the Chief ALJ, ALJs are afforded job security through the Civil Service Act, Act of

August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.1–741.1002, pursuant to Section 304(a) of the Public Utility Code, 66 Pa.C.S. § 304(a).

6. The definition section of Title 2, 2 Pa.C.S. § 101, applies to both the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754, and the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 701–704.

property rights, ... of any or all of the parties to the proceeding...." When an agency's decision leaves a complainant with no other forum in which to assert her rights, privileges or immunities, the agency's act is an adjudication. *Cook v. Pennsylvania Department of Agriculture*, 166 Pa.Cmwlth. 204, 646 A.2d 598 (1994); *Wortman v. Philadelphia Commission on Human Relations*, 139 Pa.Cmwlth. 616, 591 A.2d 331, 333 (1991).[7] When there are no specific provisions regarding adjudicatory actions of an agency, the Administrative Agency Law (AAL) provides a default mechanism for the provision of hearings and for appeals from administrative adjudications, which comport with due process requirements. *Mercy Regional Health System v. Department of Health*, 165 Pa.Cmwlth. 629, 645 A.2d 924, 930 n. 11 (1994).

■■■ Section 504 of the AAL, 2 Pa.C.S. § 504, states:

No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings.

Until a record is made of the proceedings before the Commission, the AAL provides that the adjudication is not valid, i.e., effective. *See Pavonarius v. City of Allentown*, 157 Pa.Cmwlth. 116, 629 A.2d 204 (1993). The reason behind this requirement is that judicial review without a proper record or a valid administrative adjudication is a premature interruption of the administrative process. *Canonsburg General Hospital v. Department of Health*, 492 Pa. 68, 422 A.2d 141 (1980). Because both parties agree that no record was made of the proceeding before the Commission in the pre-termination, *Loudermill*-type hearing, the Commission's adjudication was not valid as defined by the AAL. As such, Turner's petition for review in our appellate jurisdiction is premature and we remand the case for a hearing. *See Cook; Rockwell v. Pennsylvania State Horse Racing Commission*, 15 Pa.Cmwlth. 348, 327 A.2d 211 (1974) (where an adjudication is invalid, this court should remand for a valid adjudication).

■■■ The question then is who should conduct the hearing on remand. Ordinarily, where a board has previously adjudged the issue, there would at least be an issue of impermissible commingling under *Lyness*. However, Turner admits that she agreed at the pre-termination hearing to waive any issue of impermissible commingling under *Lyness* as a result of those proceedings. (Petitioner's brief on reargument p. 9, Record 46a–48a).[8] Consequently, we remand to the

---

7. In *Wortman v. Philadelphia Commission on Human Relations*, 139 Pa.Cmwlth. 616, 591 A.2d 331 (1991), a city employee filed an action with the local commission on human relations alleging he had been discriminated against on the basis of sexual orientation in violation of a city ordinance and without a hearing. The commission dismissed his appeal and he appealed to a court of common pleas which held that no appeal was permitted by the ordinance. On the employee's subsequent appeal to this court, we held that even if not provided by legislation or regulation, an appeal is available under the Local Agency Law from "adjudications" of an administrative agency. The issue of whether an adjudication is valid, we stated, is a separate matter.

8. A party can waive even constitutional issues, such as commingling. *Christiana v. Public School Employes' Retirement Board*, 166 Pa.Cmwlth. 300, 646 A.2d 645, 651 (1994), *affirmed*, 543 Pa. 132, 669 A.2d 940 (1996).

Even assuming the issue had not been waived and the restrictions of *Lyness* applied fully to this case, (for a discussion of why *Lyness* restrictions do not apply in employment situations, *see Harmon v. Mifflin County School District*, 651 A.2d 681, 685–86 (Pa.Cmwlth.1994)), Commissioner Bloom is an untainted member of the Commission who could hold a proper post-termination proceeding because he did not participate in the decision to remove Turner from her position as Chief ALJ. Because he joined the Commission after the termination decision, no appearance of bias would arise from the Commission's failure to provide the "walls of separation" that would be required by *Lyness*.

Moreover, even if no untainted Commissioner was available for the hearing, the Commission would still be required to conduct the hearing under the Rule of Necessity. The Rule of Necessity is a common law principle that requires members of a tribunal to consider a case, even if all of them are subject to recusal or have some bias, because otherwise, the public and the litigants would be denied a decision in the matter. *Sherman v. Kaiser*, 664 A.2d 221, 227–28 (Pa.Cmwlth.1995).

Commission where all members can participate.[9]

SMITH, J., concurs in the result only.

### ORDER

AND NOW, this 11th day of October, 1996, we grant a declaratory judgment that a post-termination hearing must be provided by the Pennsylvania Public Utility Commission. Petitioner Allison K. Turner's petition asserting appellate jurisdiction in this court is denied as premature and we remand the case for the post-termination hearing.

Jurisdiction relinquished.

---

**9.** As to Turner's petition in our original jurisdiction, we grant a declaratory judgment pronouncing that an adequate, available remedy exists for Turner's post-termination hearing—a hearing provided by the Commission held in accordance with the default procedures set forth in the AAL, specifically, 2 Pa.C.S. §§ 504–507. *See Mercy.*