IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of S.H. In re: H.W.        :
and A.W.                                 :        **CASE SEALED**
                                         :
Appeal of: Damalie Musisi, Laura         :        No. 896 C.D. 2020
Dyott, Stephen Haney, Records            :        Argued: November 15, 2021
Custodian of Gemma Services f/n/a        :
Silversprings Martin Luther School       :


BEFORE:     HONORABLE MARY HANNAH LEAVITT, Judge[1]
            HONORABLE MICHAEL H. WOJCIK, Judge[2]
            HONORABLE ELLEN CEISLER, Judge


OPINION
BY JUDGE LEAVITT                                    FILED:  March 4, 2022


            Four individuals, Stephen Haney, Laura Dyott, Damalie Musisi, and the
records custodian of Gemma Services (f/n/a Silversprings Martin Luther School)
(collectively, School Employees) appeal an order of the Court of Common Pleas of
Philadelphia County (trial court) directing them to appear at an administrative
hearing before the Pennsylvania Department of Human Services (Department).
School Employees assert that the trial court's order is appealable as a collateral order
under Pennsylvania Rule of Appellate Procedure 313(b), PA. R.A.P. 313(b).  On the
merits, School Employees argue that the trial court lacked jurisdiction to enforce a
subpoena issued by a state administrative agency and that the trial court erred in
granting the motion to enforce subpoenas without ruling on School Employees'

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita
Leavitt became a senior judge on the Court.

[2] This case was argued before a panel of the Court that included Judge Crompton.  Judge
Crompton's service with the Court ended on January 2, 2022, before the Court reached a decision
in this matter.  Accordingly, Judge Wojcik was substituted for Judge Crompton as a panel member
and considered the matter as submitted on the briefs.

cross-motion for a protective order based on their claim that the subpoenas are overly broad, filed in bad faith, and seek information protected against disclosure by the Health Insurance Portability and Accountability Act of 1996 (HIPAA)[3] and the Family Educational Rights and Privacy Act of 1974 (FERPA), 20 U.S.C. §1232g. Upon review, we vacate the trial court's order and remand the matter for further proceedings.

## Background

On July 8, 2019, the County Children & Youth Social Service Agency filed two indicated reports naming S.H. (Teacher) as a perpetrator of abuse of two minor students, H.W. and A.W. On August 21, 2019, Teacher appealed both indicated reports, and a hearing was scheduled for December 17, 2019, by the Department. On November 20, 2019, Teacher requested the issuance of subpoenas *duces tecum* to compel the appearance of witnesses and documents, including School Employees. The Administrative Law Judge (ALJ) assigned to the matter granted the request and issued subpoenas to School Employees. On December 13, 2019, School Employees objected to the subpoenas,[4] asserting, *inter alia*, that the documents requested were privileged and confidential under HIPAA and FERPA.

On December 17, 2019, Teacher appeared at the hearing, but School Employees did not appear.[5] Upon Teacher's request to enforce the subpoenas, the

---

[3] Pub. L. No. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of 18, 26, 29, and 42 U.S.C.).

[4] It appears that Teacher's counsel, by correspondence dated December 4, 2019, advised Haney, Dyott, and Musisi that they were no longer required to comply with the subpoenas and did not have to attend the December 17, 2019, hearing. Reproduced Record at 33a, 37a, 41a (R.R.___).

[5] School Employees' counsel attended the hearing before the ALJ. The following exchange took place between School Employees' counsel and the ALJ:

[ALJ]: What do you want to say on the record?

2

ALJ granted Teacher leave to seek judicial enforcement of the subpoenas in state court, explaining that he lacked this authority.

On January 7, 2020, Teacher filed a motion to enforce subpoenas in the Court of Common Pleas of Montgomery County. School Employees opposed the motion and filed a cross-motion to quash for lack of jurisdiction and, in the alternative, for a protective order. The argument took place on March 5, 2020, and it focused on the question of jurisdiction. On March 6, 2020, the Court of Common Pleas of Montgomery County transferred the matter to the trial court. The transfer order explained that Section 520 of The Administrative Code of 1929[6] provides that where a witness refuses to obey an administrative agency subpoena, a contempt petition "may be made to any court of common pleas within whose territorial jurisdiction the offense was committed, for which purpose, such court is hereby given jurisdiction." 71 P.S. §200. The court concluded that the "offense," *i.e.*, non-compliance with the subpoena, took place in Philadelphia County, where the ALJ was located.

The matter was docketed in the trial court on July 27, 2020. On July 29, 2020, the trial court granted Teacher's motion to enforce the subpoenas. Reproduced Record at 101a (R.R. ___). School Employees appealed to this Court.

---

[School Employees' counsel]: My understanding [is] that the Court knows that my client was served with a subpoena for various records last week by [Teacher's] counsel. I haven't had a chance to meet [Teacher's counsel], but we did respond last week with objections that included HIPAA and FERPA objections to the production of records. And it's my understanding from Commonwealth's counsel Your Honor has told the parties to go fight that fight in Common Pleas Court and we're happy to do that and we'll respond as the Court will require.

[ALJ]: All right. Is there anything else you want to say?

[School Employees' counsel]: No, sir.

Hearing Transcript, 12/17/2019, at 69-70; Supplemental Reproduced Record at 69-70.

[6] Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §200.

3

**Appeal**

In its PA. R.A.P. 1925(a) opinion, the trial court explained that its order to enforce the subpoenas was not an appealable order, relying upon *Pennsylvania Human Relations Commission v. Jones & Laughlin Steel Corporation*, 394 A.2d 525 (Pa. 1978). In that case, the Pennsylvania Human Relations Commission petitioned this Court to enforce a subpoena it had issued in an employment discrimination case. This Court granted relief, and the employer appealed to the Supreme Court, which quashed the employer's appeal. The Supreme Court explained as follows:

> It has long been the law that the denial of *a motion to quash a grand jury subpoena is interlocutory and, therefore, not appealable*. Instead, the party subpoenaed must either comply with the subpoena or refuse to comply and litigate the propriety of the subpoena in the event that contempt or similar proceedings are brought against him. Forcing the party subpoenaed to make such a choice is justified by the necessity for expedition in the administration of the criminal law.
>
> The need for expedition in administrative agency investigations is at least as great as in grand jury investigations. We can perceive of no legitimate legal or policy reason for providing for a different result as to when the matter is ripe for appellate review based solely on the fact that the body issuing the subpoenas is an administrative agency and not an investigating grand jury. We note that in both the *Petition of Specter*, [317 A.2d 286, 287 (Pa. 1974)], and in the instant case the right of the body to issue the subpoena was being challenged.

*Jones & Laughlin Steel Corporation*, 394 A.2d at 526-27 (internal quotations omitted) (emphasis added). Accordingly, the trial court did not address School Employees' objections to its order.

4

In their appeal,[7] School Employees raise four issues for our review. First, they argue that the trial court's order is appealable as a collateral order under PA. R.A.P. 313(b). Second, they argue that the trial court lacked jurisdiction to enforce the subpoenas. Third, they argue that the trial court erred in enforcing the subpoenas without first ruling on School Employees' objections and cross-motion for a protective order, which denied them due process. Finally, they argue that the subpoenas are overly broad and unduly burdensome; were sought in bad faith; and seek confidential and privileged medical, educational and employment information protected by HIPAA and FERPA.

School Employees ask this Court to reverse the trial court's order or, in the alternative, vacate the trial court's order and remand the matter for a decision on their objections to the subpoenas and cross-motion for a protective order.

## I. Appealability of Order to Enforce Subpoenas

School Employees argue that the trial court's enforcement of the subpoenas is a collateral order appealable under PA. R.A.P. 313(b). They argue that their issue of privilege can be severed from the question of whether the alleged child abuse occurred and, thus, is separate for purposes of the collateral order doctrine. Further, the rights involved are too important to be denied review because the information sought to be disclosed is privileged under HIPAA and FERPA. School Employees contend that without this Court's immediate review of the trial court's order, their privilege claims will be irreparably lost.

Teacher counters that the trial court's order is interlocutory and non-appealable and, in support, directs the Court to *Doe v. Department of Public Welfare*,

_____

[7] "Whether a subpoena shall be enforced rests in the judicial discretion of the court." *In re Semeraro*, 515 A.2d 880, 882 (Pa. 1986) (citation omitted). We will not disturb a discretionary ruling of a lower court unless the record demonstrates an abuse of the court's discretion. *Id*.

5

524 A.2d 1063 (Pa. Cmwlth. 1987). Teacher Brief at 12. In that case, Doe filed a civil action against a state hospital after one of its patients abducted and raped her. During discovery, Doe requested production of documents relating to the patient's psychological status and the chronology of events, as well as the patient's admission, background, and escape. The hospital refused, asserting that these were privileged medical records. The trial court ordered production of the documents for an *in camera* inspection to determine their relevancy. This Court quashed the state hospital's appeal for the stated reason that "[t]he information sought has the potential to determine the ultimate issues of liability or to dissuade the trier of fact from finding liability at all" and, thus, the discovery order was not separable from the merits of the action. *Id.* at 1065. Teacher argues that School Employees' appeal should be quashed. Even so, Teacher asserts that the documentary evidence sought by the subpoena is not privileged under HIPAA or FERPA nor does the trial court's order involve rights too important to be denied review under Rule 313(b).

Pennsylvania Rule of Appellate Procedure 313(b), PA. R.A.P. 313(b), provides that a collateral order is appealable as of right. A collateral order is one that is separable from, and collateral to, the main cause of action; involves a right too important to be denied review; and its review cannot be postponed until final judgment without loss of the right. *Commonwealth v. Harris*, 32 A.3d 243, 248 (Pa. 2011). To satisfy the test for a collateral order, all three prongs must be satisfied. In addition, the test is to be strictly applied in order to avoid piecemeal and protracted litigation. *Rae v. Pennsylvania Funeral Directors Association*, 977 A.2d 1121, 1129 (Pa. 2009). "[O]rders overruling claims of privilege and requiring disclosure are immediately appealable under [Rule] 313." *Harris*, 32 A.3d at 251; *see also Township of Neshannock v. Kirila Contractors, Inc.*, 181 A.3d 467, 472 (Pa.

6

Cmwlth. 2018) (where an order "purportedly directed the disclosure of allegedly privileged documents, it was immediately appealable under Rule 313").

Teacher's reliance upon *Doe*, 524 A.2d 1063, is misplaced because its analytical framework has been replaced. In *Ben v. Schwartz*, 729 A.2d 547 (Pa. 1999), our Supreme Court considered an order compelling the Pennsylvania Bureau of Professional and Occupational Affairs to produce its investigation file in connection with a dental malpractice action filed in a court of common pleas. The Bureau filed a motion for a protective order asserting, *inter alia,* that its investigation was privileged and not subject to discovery. The trial court denied the Bureau's motion, and this Court quashed the Bureau's appeal as interlocutory. On further appeal, the Supreme Court held that the trial court's order was appealable under the collateral order doctrine. In doing so, it adopted the analysis of *In re Ford Motor Co.*, 110 F.3d 954 (3d Cir. 1997), wherein the Third Circuit Court of Appeals held that the issue of privilege was separate and distinct from the underlying tort action, even where discovery would shed light on the underlying action. The Third Circuit Court of Appeals explained as follows:

> As we understand the merits of the underlying case, [the plaintiff] seeks to show what Ford knew about the alleged rollover propensity of the Bronco II, when it knew about this alleged propensity, and what it did about the alleged propensity. The contents of the documents will certainly shed some light on these questions. However, our resolution of the privilege and work product issues has nothing to do with them. We are not concerned at this juncture about what Ford knew, when it gained this knowledge, or what it did about it. *Our inquiry largely involves questions of context—e.g., who prepared the relevant documents, when were they prepared, and what was their purpose. It involves content only insofar as we must ensure that the documents were prepared in certain contexts—e.g., do the documents contain legal advice or do they disclose legal*

7

*strategies? We are not required, nor will we undertake, to resolve disputed questions of Ford's knowledge of and Ford's actions with respect to the alleged rollover propensity.*

*Id.* at 958 (emphasis added). Our Supreme Court adopted the *Ford Motor* approach, concluding that it was more practical than the standard articulated in *Doe*, which had been the leading case. *Schwartz*, 729 A.2d at 551-52.

Here, the trial court's order allegedly requires the disclosure of privileged information; as such, it is immediately appealable under PA. R.A.P. 313(b). *Kirila Contractors, Inc.*, 181 A.3d at 472. "Appellate review is appropriate when a *colorable* claim of privilege is asserted." *Red Vision Systems, Inc. v. National Real Estate Information Services, L.P.*, 108 A.3d 54, 59 (Pa. Super. 2015) (emphasis added) (citation omitted).

Further, the trial court's reliance on *Jones & Laughlin Steel Corporation* was misplaced. That case involved a subpoena only for witness testimony, and it did not involve a claim of privilege. Accordingly, we hold that the trial court's order granting the motion to enforce subpoenas is a collateral order appealable under PA. R.A.P. 313(b).

## II. Trial Court's Jurisdiction

School Employees argue, next, that the trial court lacked jurisdiction over Teacher's motion to enforce subpoenas. The Child Protective Services Law, 23 Pa. C.S. §§6301-6388, and the Department regulations are silent on enforcement of subpoenas. Although the legislature has authorized other administrative agencies, such as the State Board of Medicine, to enforce witness subpoenas, it did not so authorize the Department when it conducts a hearing under the Child Protective Services Law. School Employees also assert that Section 520 of The Administrative

8

Code of 1929 pre-dates the Child Protective Services Law and, thus, does not apply to the Department's administrative hearings on indicated reports of child abuse.

Teacher responds that the trial court properly exercised jurisdiction. Section 35.142(a) of the General Rules of Administrative Practice and Procedure (GRAPP), 1 Pa. Code §35.142(a), provides that a hearing examiner may issue subpoenas for testimony and documents upon application of a party. It is silent on the hearing examiner's power to compel the presence of the subpoenaed witness. If the hearing examiner's subpoenas cannot be enforced, then the subpoena authorized in GRAPP, 1 Pa. Code §35.142(a), is illusory. Teacher argues that Section 520 of The Administrative Code of 1929, which authorizes a court of common pleas to enforce subpoenas issued by administrative agencies, was correctly relied upon by the trial court.

The Department's regulation on hearings under the Child Protective Services Law states that they "will be conducted under 2 Pa. C.S. §§501-508 and 701-704 (relating to the Administrative Agency Law) and 1 Pa. Code Part II (relating to [GRAPP])." 55 Pa. Code §3490.192(e). Pertinent here is Section 35.187 of GRAPP, which provides, in pertinent part:

> Presiding officers designated by the agency head to preside at hearings shall have the authority, within the powers and subject to the regulations of the agency, as follows:
>
> * * *
>
> (3) To issue subpoenas.
>
> * * *
>
> (10) To take other action necessary or appropriate to the discharge of the duties vested in them, consistent with the statutory or other authorities

under which the agency functions and with the regulations and policies of the agency.

1 Pa. Code §35.187. Section 35.142(a) of GRAPP further states as follows:

(a) *Issuance. Subpoenas for the attendance of witnesses or for the production of documentary evidence, unless directed by the agency upon its own motion, will issue only upon application in writing to the agency head* or the presiding officer, except that during sessions of a hearing in a proceeding, such application may be made orally on the record before the agency head or presiding officer, who is hereby given authority to determine the relevancy and materiality of the evidence sought and to issue such subpoenas in accordance with such determination. Such written applications shall specify as nearly as may be the general *relevance, materiality, and scope of the testimony or documentary evidence* sought, including as to documentary evidence, specification as nearly as may be, of the documents desired and the facts to be proved by them in sufficient detail to indicate the materiality and relevance of such documents.

1 Pa. Code §35.142(a) (emphasis added).

In sum, GRAPP authorizes the Department to issue subpoenas, and it mandates the procedures for their issuance. However, GRAPP is silent on their enforcement. Likewise, the Child Protective Services Law is silent on the enforcement of subpoenas issued in the course of a hearing on whether an indicated report of child abuse should be maintained in the ChildLine and Abuse Registry.[8]

Section 520 of The Administrative Code of 1929 provides as follows:

*Every administrative department*, every independent administrative board and commission, every departmental administrative board and commission, every advisory board and

---

[8] ChildLine, a unit within the Department, operates a statewide system for receiving reports of suspected child abuse; refers the reports for investigation; and maintains the reports for reference. 55 Pa. Code §3490.4.

> commission, and the several workmen's compensation referees, *shall have the power to issue subpoenas*, *requiring the attendance of witnesses and the production of books and papers pertinent to any hearing before such department*, board, commission, or officer, and to examine such witnesses, books, and papers.
>
> *Any witness, who refuses to obey a subpoena issued hereunder, or who refuses to be sworn or affirmed, or to testify, or who is guilty of any contempt after summons to appear, may be punished for contempt of court, and, for this purpose, an application may be made to any court of common pleas within whose territorial jurisdiction the offense was committed, for which purpose, such court is hereby given jurisdiction.*

71 P.S. §200 (emphasis added). The subpoenas at issue in this appeal required the attendance of School Employees at a formal administrative hearing, which they "refused to obey." 71 P.S. §200. On its face, Section 520 of The Administrative Code of 1929 authorized Teacher to petition for enforcement of the subpoenas in the trial court.

Nevertheless, School Employees argue that because Section 520 of The Administrative Code of 1929 antedates the Child Protective Services Law, it does not apply to administrative hearings conducted thereunder by the Department. School Employees also observe that other statutes expressly provide for the enforcement of a witness subpoena issued by an administrative tribunal. *See, e.g.*, Section 507 of the Unemployment Compensation Law;[9] and Section 9 of the Medical Practice Act of 1985.[10] We reject these arguments.

_____

[9] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §827.

[10] Act of December 20, 1985, P.L. 457, *as amended*, 63 P.S. §422.9. It states that the State Board of Medicine "shall have the authority to issue subpoenas, upon application of an attorney responsible for representing the Commonwealth in disciplinary matters before the board, for the purpose of investigating alleged violations of the disciplinary provisions administered by the

11

The absence of a specific procedure in the Child Protective Services Law for the enforcement of administrative subpoenas issued in the course of a hearing does not mean that subpoenas cannot be enforced. Teacher must be able to call witnesses to have a hearing that comports with due process and the Administrative Agency Law, 2 Pa. C.S. §§501-508 and 701-704. In *Turner v. Pennsylvania Public Utility Commission*, 683 A.2d 942 (Pa. Cmwlth. 1996), an administrative law judge was removed from her position by the Pennsylvania Public Utility Commission (PUC). She petitioned this Court for review, seeking a declaration that she was entitled to a hearing on her removal. This Court agreed. Because the Public Utility Code[11] contained no explicit provision for a post-termination hearing, we held that the Administrative Agency Law "provides a default mechanism for the provision of hearings and for appeals from administrative adjudications, which comport with due process requirements." *Turner*, 683 A.2d at 946. We remanded the matter to the PUC with instructions to hold a post-termination hearing in accordance with the procedures set forth in Section 504 of the Administrative Agency Law, 2 Pa. C.S. §504. *Turner*, 683 A.2d at 946-47. Likewise, here, because there are no specific provisions regarding enforcement of subpoenas issued by an administrative agency, Section 520 of The Administrative Code of 1929 provides a default mechanism for their enforcement.

*In re Petition for Enforcement of Subpoenas of John Doe Corporations A, B, C, D, and E*, 489 A.2d 182 (Pa. 1985), involved subpoenas *duces tecum* issued to corporations by the Pennsylvania Crime Commission in the course of an investigation. When the corporations did not comply, the Crime Commission

---

board" and "[t]he board is authorized to apply to Commonwealth Court to enforce its subpoenas." 63 P.S. §422.9(c).

[11] 66 Pa. C.S. §§101-3316.

petitioned this Court for enforcement, and we denied the corporations' motion to dismiss. Relevant to our holding was Section 7 of the Pennsylvania Crime Commission Act,[12] which provided that upon a refusal to comply with a subpoena, the Crime Commission could request the Commonwealth Court to "issue a warrant for the arrest of said person to bring him before said judge, who is authorized to proceed against said person as for civil contempt of court." *John Doe Corporations*, 489 A.2d at 184 (citing former Section 7 of the Crime Commission Act, *formerly* 71 P.S. §1190.7 (deleted)). The Supreme Court held that Section 7 violated due process because it did not call for a hearing on the merits of the subpoena before a finding of civil contempt. *John Doe Corporations*, 489 A.2d at 183 (citing *Commonwealth ex rel. Chidsey v. Mallen*, 63 A.2d 49 (Pa. 1949)). Because Section 7 was severable from the Crime Commission Act, the Supreme Court held that the Crime Commission's subpoenas could be enforced under Section 520 of The Administrative Code of 1929. *John Doe Corporations*, 489 A.2d at 185. Accordingly, the Supreme Court remanded the matter to the Crime Commission to reissue and serve the subpoenas and, if necessary, pursue their enforcement under Section 520 of The Administrative Code of 1929, which would "preserve the [subpoenaed witness's] due process right to a judicial test in Commonwealth Court of the validity of the subpoenas and their relevance to a properly authorized investigation of the [Crime] Commission." *John Doe Corporations*, 489 A.2d at 186.

Here, the Department is bound by the Administrative Agency Law and by GRAPP, which the Department has adopted for the conduct of hearings on

---

[12] Act of October 4, 1978, P.L. 876, *as amended*, *formerly* 71 P.S. §§1190.1-1190.11, deleted by the Act of December 23, 1993, P.L. 567.

indicated reports of child abuse. GRAPP specifically authorizes the issuance of witness subpoenas. 1 Pa. Code §35.142(a). In the absence of another procedure specified in the Child Protective Services Law, Section 520 of The Administrative Code of 1929 provides the default mechanism for the enforcement of any subpoena issued in the course of the Department's administrative hearing. *Cf.* Section 507 of the Unemployment Compensation Law, 43 P.S. §827 (authorizing Unemployment Compensation Board of Review or its duly authorized agent to petition the common pleas court of the county where the claim or witness is situated to compel production of subpoenaed records).

Our Supreme Court's recent decision in *Appeal of M.R.*, 214 A.3d 660 (Pa. 2019), is instructive. In that case, a psychiatrist petitioned this Court to enforce subpoenas served on her former patient and the patient's treatment providers in the psychiatrist's disciplinary proceeding before the State Board of Medicine. When this Court granted the psychiatrist's petition to enforce the subpoenas, the patient and providers appealed to the Supreme Court and argued that this Court lacked subject matter jurisdiction. The Supreme Court vacated this Court's order. In doing so, it reasoned that the hearing examiner's order authorizing the psychiatrist's petition for enforcement of the subpoena was not a final administrative order. Thus, the Commonwealth Court lacked appellate jurisdiction.[13] Further, the Commonwealth Court lacked original jurisdiction because the action was neither by nor against the Commonwealth agency, and the Commonwealth was not an indispensable party.[14] Section 9 of the Medical Practice Act of 1985 spelled out the exclusive procedure for the enforcement of an administrative subpoena, *i.e.*, by

---

[13] 42 Pa. C.S. §763(a) ("the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of government agencies….")

[14] 42 Pa. C.S. §761.

application of the State Board of Medicine to "Commonwealth Court to enforce its subpoenas." 63 P.S. §422.9(c). The statute did not, however, authorize private parties to initiate a subpoena enforcement proceeding in Commonwealth Court. *Appeal of M.R.*, 214 A.3d at 667. In so holding, the Supreme Court observed that the Commonwealth Court "is not a court of general jurisdiction; any action commenced therein must fall within a statutory provision which grants that court subject matter jurisdiction." *Id.* at 669 n.7.

Here, Teacher filed the enforcement action with the trial court, which is a court of general jurisdiction. Section 931(a) of the Judicial Code confers "unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage" upon our courts of common pleas, except where an action or proceeding is vested in another court of this Commonwealth. 42 Pa. C.S. § 931(a). It has been well established that the power to enforce a subpoena "is limited to the judiciary." *City of Erie v. Cappabianca*, 879 A.2d 823, 825 (Pa. Cmwlth. 2005). Neither the Administrative Agency Law nor GRAPP provide for the enforcement of an administrative subpoena issued by the Department. Accordingly, the subpoena's enforcement is governed by Section 520 of The Administrative Code of 1929. Teacher properly pursued enforcement of the subpoenas issued by the ALJ by pursuing relief in the court of common pleas.

### III. School Employees' Objection and Cross-Motion for Protective Order

School Employees argue that, in any case, the trial court erred by granting the motion to enforce the subpoenas without ruling on their objections to the motion and their cross-motion for a protective order, which has denied them due process. School Employees assert that the subpoenas are overly broad and were requested in bad faith and seek confidential and privileged information protected by

15

HIPAA and FERPA. Teacher responds that HIPAA and FERPA expressly permit disclosure of personally identifiable information in some circumstances, including in response to lawfully issued subpoenas. Notably, School Employees have conceded that the subpoenas were lawfully issued.

Due process applies to proceedings instituted to compel obedience to administrative subpoenas. *John Doe Corporations*, 489 A.2d at 183. The subject of a subpoena must be given an opportunity to challenge the subpoena's validity and its relevance. *Id.* at 186. Whether a subpoena shall be enforced rests in the judicial discretion of the trial court, and appellate courts will not disturb that determination unless the record demonstrates an abuse of the court's discretion. *In re Semeraro*, 515 A.2d 880, 882 (Pa. 1986). Here, the trial court granted Teacher's motion to enforce subpoenas without ruling on School Employees' objections to the subpoenas and their cross-motion for protective order. This denied School Employees' due process. *John Doe Corporations*, 489 A.2d at 183.

Accordingly, we vacate the trial court's order and remand the matter for further proceedings on School Employees' objections to the subpoenas and their cross-motion for a protective order. Accordingly, we do not address School Employees' issue relating to the scope of the subpoenas and whether the information sought was protected by HIPAA and FERPA. The trial court needs to address this issue on remand.

**Conclusion**

For the foregoing reasons, we hold that the trial court's order to enforce the subpoenas on School Employees is a collateral order appealable under Pennsylvania Rule of Appellate Procedure 313(b), PA. R.A.P. 313(b), and that the trial court had jurisdiction to enforce the subpoenas under Section 520 of The

16

Administrative Code of 1929, 71 P.S. §200. Because the trial court did not address School Employees' objections to the subpoenas, we vacate the trial court's order and remand the matter for further proceedings on these objections and the cross-motion for a protective order.

_____
MARY HANNAH LEAVITT, President Judge Emerita

Judge Fizzano Cannon did not participate in the decision in this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of S.H. In re: H.W.           :
and A.W.                                     :          **CASE SEALED**
                                             :
Appeal of: Damalie Musisi, Laura            :          No. 896 C.D. 2020
Dyott, Stephen Haney, Records               :
Custodian of Gemma Services f/n/a           :
Silversprings Martin Luther School          :

# O R D E R

AND NOW, this 4th day of March, 2022, the order of the Court of Common Pleas of Philadelphia County dated July 29, 2020, in the above-captioned matter, is VACATED. The matter is REMANDED to the Court of Common Pleas of Philadelphia County for further proceedings consistent with this opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge Emerita